UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OLIVIA PESCATORE, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 08-2245 (RMC) |
| JUVENAL OVIDIO RICARDO PALMERA PINEDA, *et al.*, | ) |
| Defendants. | ) |

## ORDER

In 1996, Frank Thomas Pescatore, Jr., was kidnapped in Colombia, held for ransom, and ultimately killed by members of the Fuerzas Armadas Revolucionarias de Colombia (FARC). Mr. Pescatore's surviving family sued the FARC and Juvenal Ovidio Ricardo Palmera Pineda, also known as Simon Trinidad, under the Antiterrorism Act, 18 U.S.C. § 2333 *et seq.*, and this Court granted default judgment and damages. *See Pescatore v. Palmera Pineda*, 345 F. Supp. 3d 68 (D.D.C. 2018). Plaintiffs attempted to satisfy this judgment against assets owned by Samark Jose Lopez Bello, whom the United States Department of Treasury's Office of Foreign Assets Control has designated a Specially Designated Narcotics Trafficker and whom Plaintiffs allege was an agent or instrumentality of the FARC, thus entitling them to relief. Mr. Lopez has intervened and seeks to litigate before this Court whether there is evidence enough to show that he was an agent or instrumentality of the FARC and to dissolve the writs of garnishment.

Mr. Lopez is also defending the same assets in a parallel, multi-district suit in Florida. *See Stansell v. Revolutionary Armed Forces of Colombia*, No. 1:19-cv-20896 (S.D. Fla.). Plaintiffs in this case have a "Joint Prosecution & Sharing Agreement" with the plaintiffs in *Stansell*. The *Stansell* plaintiffs also secured a default judgment, issued writs of garnishment,

and, just recently, won a judicial determination that Mr. Lopez was an agent or instrumentality of the FARC and that the writs of garnishment against his assets are proper. *See* Joint Status Report [Dkt. 91]. Mr. Lopez is appealing that decision to the 11th Circuit. *See* Mot. for Leave to File a Suppl. Br. [Dkt. 92].

The instant case was stayed in July 2019 pending an evidentiary hearing in *Stansell* related to whether Mr. Lopez was, in fact, an agent or instrumentality of the FARC. *See* 7/2/2019 Min. Order. Mr. Lopez now asks to lift the stay and to litigate those same issues in this Court, arguing that he is not collaterally estopped from doing so due to procedural defects with the Florida litigation—defects which are currently on appeal. *See* Mot. for Recons. [Dkt. 88]. By turn, Plaintiffs contend that Mr. Lopez is bound by the factual findings in *Stansell* and further that, once the appeals are resolved, executing judgment in that case will moot this one because the assets are the same. *See* Opp'n to Mot. for Recons. [Dkt. 90].

District courts have broad discretion to stay proceedings in an action pending resolution of related legal proceedings which bear upon the case. *See Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998). That power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When considering a stay, courts must "weigh competing interests and maintain an even balance between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732-33 (D.C. Cir. 2012) (internal quotation marks and citations omitted). "[T]he decision to grant a stay . . . is generally left to the sound discretion of district courts." *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (internal quotation marks and citations omitted).

Mr. Lopez argues that the Florida district court lacked jurisdiction and otherwise decided improperly. At bottom, Mr. Lopez wants to re-try the issues in this Court. Setting aside whether Mr. Lopez is estopped from re-litigating his role here, the *Stansell* court has already held an evidentiary hearing, made factual findings, and repeatedly rejected Mr. Lopez's procedural arguments. *See* Order Adopting R. & R., *Stansell v. Revolutionary Armed Forces of Colombia*, No. 1:19-cv-20896, Dkt. 279 (S.D. Fla.) (S.D. Fla. Sept. 26, 2019). Further, Mr. Lopez identifies no prejudice to staying this case pending resolution of the action in Florida. It is not enough that Mr. Lopez has filed an appeal; that is merely the next step and a court of appeals might affirm or reverse. At this point, there is little to be gained by this Court duplicating the work already done, especially when resolution elsewhere might moot the claims here.

For the reasons above, it is hereby

**ORDERED** that Mr. Lopez's Motion for Reconsideration, Dkt. 88, is **DENIED**; and it is

**FURTHER ORDERED** that Mr. Lopez's Motion for Leave to File a Supplemental Brief, Dkt. 92, is **DENIED**; and it is

**FURTHER ORDERED** that the parties shall file a joint status report with the Court every 60 days, and/or within 14 days of any decision or other resolution on appeal of *Stansell v. Revolutionary Armed Forces of Colombia*, No. 1:19-cv-20896 (S.D. Fla.).

Date: October 21, 2019

ROSEMARY M. COLLYER
United States District Judge